IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FRANCISCO SANCHEZ,** | § | NO. _____ |
| **Plaintiff** | § | **JURY DEMANDED** |
| v. | § | |
| **MARATHON OIL COMPANY; MARATHON OIL PERMIAN LLC; AND BEDROCK PETROLEUM CONSULTANTS, LLC** | § | |
| **Defendants** | § | |

## ORIGINAL COMPLAINT

Plaintiff, Francisco ("Frank") Sanchez, respectfully asserts as follows:

### I. INTRODUCTION

1. From approximately March 20, 2018 through October 31, 2018, Defendants, Marathon Oil Company ("MOC"); Marathon Oil Permian LLC ("MOP"); and Bedrock Petroleum Consultants, LLC ("BPC")[1], employed Plaintiff, Francisco ("Frank") Sanchez ("Sanchez"), as a "Completions Consultant" on Marathon's fracking operations in New Mexico's Permian Basin. Marathon worked

---

[1] In this Complaint, Marathon Oil Company ("MOC"); Marathon Oil Permian LLC ("MOP"); and Bedrock Petroleum Consultants, LLC are collectively denominated: "Marathon."

Sanchez in excess of eighty (80) hours per week as a "Completions Consultant."

Unfortunately, in violation of the Fair Labor Standards Act ("FLSA"), Marathon paid Sanchez only straight-time wages for his overtime hours (i.e. hours in excess of 40 hours per week). Accordingly, Sanchez brings this lawsuit against Marathon under the FLSA to recover the unpaid overtime compensation and other remedies to which he is entitled.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331(a).

3. Venue is proper in the Southern District of Texas under 28 U.S.C. 1391(b) because both MOC, MOP, and BPC reside in this district.

## III. PARTIES

4. Plaintiff, Francisco ("Frank") Sanchez, is an individual residing in Laredo, Texas.

5. Defendant, Marathon Oil Company ("MOC"), is a corporation residing in this district and in this division.

6. Defendant, Bedrock Petroleum Consultants, LLC ("BPC"), is a limited liability corporation residing in this district and in this division.

7. Defendant, Marathon Oil Permian LLC ("MOP"), is a limited liability

2

corporation residing in this district and in this division.

## IV. FACTS

8. MOC is a Fortune 500 oil exploration and production company that, in 2018, employed approximately 2,400 employees and netted profits of approximately $1.1 billion.

9. At all relevant times, MOC and its subsidiary, MOP, engaged in extensive oil exploration and production operations in the Permian Basin in New Mexico—operations that constituted interstate commerce.

10. At all relevant times, MOC and MOP utilized nominal "independent contractors"—supplied by third party subcontractors—to help perform their oil exploration and production operations in New Mexico's Permian Basin.

11. BPC is one such MOC and MOP subcontractor and, at all relevant times, was engaged in interstate commerce.

12. On or about March 10, 2018, BPC—at MOC and MOP's request and direction—retained Sanchez as a "Completions Consultant" to work on MOC and MOP's "Permian Basin Field Completions Team," which performed fracking operations in New Mexico's Permian Basin. BPC denominated Sanchez as an "independent contractor."

13. From approximately March 20, 2018, until approximately October 31, 2018, Sanchez worked for MOP, MOC, and BPC as a "Completions Consultant" on Marathon's "Permian Basin Field Completions Team"—work that constituted interstate commerce.

14. At all relevant times, Marathon had the right to control and, in fact, controlled Sanchez's work as a "Completions Consultant" on its "Permian Basin Field Completions Team."

15. For example, Marathon Completions Engineer(s), Completions Superintendent(s), Completions Forem(e)n, and/or other Marathon employee(s) supervised Sanchez's work as a "Completions Consultant" on a daily basis.

16. Marathon employees dictated where, when, and how Sanchez performed his work.

17. Marathon required Sanchez to attend Marathon-run training, safety, and recap meetings.

18. Marathon had the right to terminate Sanchez and, in fact, did terminate his employment, on or about October 31, 2018.

19. Marathon's relative investment in the work performed by Sanchez far exceeded Sanchez's.

20. Marathon determined the degree of Sanchez's opportunity for profit or

loss.

21. The skill and initiative required of Sanchez to perform his "Completions Consultant" work was not high.

22. As a matter of "economic reality," Sanchez was economically dependent upon Marathon.

23. Throughout his employment by Marathon, Sanchez—pursuant to Marathon's directive—worked two consecutive weeks (i.e. Monday day through Sunday) and then was off for two consecutive weeks.

24. During his on-duty stints, Marathon worked Sanchez, on average, at least twelve hours per day and, hence, at least eighty-four hours per week.

25. Marathon paid Sanchez a rate of $1,564.00 per day during his employment.

26. Marathon compensated Sanchez for all hours he worked in excess of forty (40) hour per week at a straight-time rate.

27. Marathon failed to pay Sanchez *any* overtime compensation, as required by the FLSA, for the hours he worked in excess of forty (40) hour per week during the period March 20, 2018 through October 31, 2018.

28. Marathon's failure to pay Sanchez overtime compensation in accordance with the FLSA was intentional, willful, and not in good-faith.

29. At all relevant times, MOC was an "employer," as that term is defined under the FLSA.

30. At all relevant times, MOP was an "employer," as that term is defined under the FLSA.

31. At all relevant times, BPC was an "employer," as that term is defined under the FLSA.

32. At all relevant times, Sanchez was MOC, MOP, and BPC's "employee"—as that term is defined under the FLSA—whether singly or jointly.

33. At all relevant times, MOC, MOP, and BPC—whether singly or jointly—"employed" Sanchez in "commerce," in the production of "goods" for commerce, or in an enterprise engaged in commerce or in the production of good for commerce, as all of these terms are defined in the FLSA.

34. At all relevant times, MOC, MOP, and BPC—whether singly or jointly—failed to pay Sanchez the overtime compensation to which he was entitled under the FLSA.

35. Sanchez has consented to this action.

36. All conditions precedent to the filing of this action have been performed or have occurred.

Plaintiff, Francisco Sanchez, incorporates by reference herein the allegations contained in paragraphs 1 through 36, *supra*, and further asserts as follows:

## V. CAUSES OF ACTION

37. Marathon Oil Company violated Francisco Sanchez's rights under the FLSA by failing to pay Francisco Sanchez the overtime compensation to which he was entitled under the FLSA.

38. Marathon Oil Permian LLC violated Francisco Sanchez's rights under the FLSA by failing to pay Francisco Sanchez the overtime compensation to which he was entitled under the FLSA.

39. Bedrock Petroleum Consultants, LLC ("BPC") violated Francisco Sanchez's rights under the FLSA by failing to pay Francisco Sanchez the overtime compensation to which he was entitled under the FLSA.

## VI. PRAYER FOR RELIEF

Accordingly, Plaintiff, Francisco Sanchez, respectfully moves this Honorable Court—after trial by jury on all issues so triable—for the following relief:

1. Declaratory Judgment that MOC, MOP, and BPC violated his rights under the Fair Labor Standards Act ("FLSA");

2. Injunction preventing MOC, MOP, and BPC from engaging in any further violations of his rights under the FLSA and requiring them to take affirmative steps to ensure that they do not engage in the same or similar violations of employees' FLSA rights in the future;

3. Unpaid overtime compensation;

4. Liquidated damages;

5. Reasonable attorney's fees and costs;

6. Pre-judgment and post-judgment interest; and

7. All other relief, whether at law or in equity, to which he is justly entitled.

Respectfully submitted,

**/s/ Scott Newar**

_____
SCOTT NEWAR
S.D. Texas Bar Number 19191
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 226-7950
Fax: (713) 226-7181 (Fax)
E-Mail: newar@newarlaw.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFF, FRANCISCO SANCHEZ

**OF COUNSEL**

CHARLES F. HERD, JR.
S.D. Texas Bar Number 2793
Herd Law Firm, PLLC
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: 713-955-3699
Fax: 281-462-5180
cfh@herdlawfirm.law

9